UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA ASAMOAH, INDIVIDUALLY and a/n/f and Guardian Ad Litem for JAO and BAO, minors; The Estate of RAO; and PATRICK K. OWUSU, INDIVIDUALLY, as Administrator of the Estate of RAO and a/n/f and as Guardian Ad Litem for JAO and BAO, minors; | C.A. No. _____ NON-ARBITRATION CASE |
| Plaintiffs, | |
| v. | JURY TRIAL OF 12 DEMANDED |
| JNJ EXPRESS, INC. and BRIAN KEITH WINNINGHAM | |
| Defendants. | |

## COMPLAINT

LINDA ASAMOAH, INDIVIDUALLY and a/n/f and Guardian Ad Litem for JAO and BAO, minors; The Estate of RAO; and PATRICK K. OWUSU, INDIVIDUALLY, as Administrator of the Estate of RAO, and a/n/f and Guardian Ad Litem for JAO and BAO, minors (collectively, "Plaintiffs") file this Complaint against JNJ EXPRESS, INC. ("JNJ") and BRIAN KEITH WINNINGHAM ("Winningham") (collectively, "Defendants"), and in support thereof states the following:

## I.
## PARTIES

1. Plaintiffs LINDA ASAMOAH and PATRICK K. OWUSU are adult residents of the State of Delaware residing at 10 Bordeaux Blvd., Newark, Delaware 19702. Plaintiffs are the parents of minors JAO, BAO and RAO (deceased). Plaintiff PATRICK K. OWUSU will be named Administrator of the Estate of RAO.

2. Defendant JNJ EXPRESS, INC. (hereinafter "JNJ") is a corporation registered in

the State of Tennessee. Defendant JNJ can be served through its registered agent, Gary E. Veazey, Attorney, at 780 Ridge Lake Blvd., Suite 202, Memphis, TN 38120-9426.

3. Defendant BRIAN KEITH WINNINGHAM (hereinafter "Winningham") is an individual residing in Fairmont, North Carolina. Defendant Winningham can be served at his usual place of residence at 701 S. Main Street, Fairmont, North Carolina 28340.

## II.
## JURISDICTION AND VENUE

4. This court has original jurisdiction over this civil action under 28 USC §1332(a)(1) because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.
## FACTUAL BACKGROUND

6. This cause of action arises out of an automobile collision that occurred on September 24, 2019. Plaintiff LINDA ASAMOAH (hereinafter "Asamoah") was driving a 2015 Honda CRV, in which minor RAO (hereinafter "Decedent RAO") was a passenger.

7. Defendant Winningham was driving a 2014 Kenworth motor truck

8. This accident occurred in westbound traffic on John F Kennedy Memorial Highway I-95 near the Newark Municipality. Traffic, including Plaintiff's vehicle, was slowing due to congestion when the tractor-trailer driven by Defendant Winningham, failed to slow or stop, struck a Nissan Sentra, forcing this vehicle across the southbound lanes. Defendant Winningham then proceeded to strike Plaintiff Asamoah's Honda CRV and a Toyota Highlander, causing both vehicles to go down an embankment.

## IV.
## CAUSE OF ACTION

9. Plaintiffs incorporate by reference the preceding allegations.

10. On information and belief, Defendant Winningham was in the course and scope of his employment for JNJ at the time of the collision.

11. As a result of the collision, Decedent RAO was fatally injured. Also as a result of the collision, Plaintiff Asamoah suffered life-threatening injuries including permanent paralysis.

12. Defendant Winningham had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Decedent RAO death and Plaintiffs' injuries and damages. Specifically, Defendant Winningham was negligent in the following particulars:

   a. failure to keep a proper lookout;

   b. failure to control the speed of his vehicle;

   c. failure to timely apply his brakes so as to avoid a collision;

   d. failure to take timely evasive action;

   e. failure to take proper evasive action; and

   f. in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

13. These actions by Defendant Winningham constitute negligence and were a proximate cause of the accident in question.

14. Defendant Winningham was the operator of a motor vehicle owned by Defendant JNJ. Prior to the collision in question, Defendant JNJ provided the vehicle to Defendant Winningham for the purpose of operating it on the public roads of Delaware and Defendant Winningham was operating the vehicle with the knowledge and consent of Defendant JNJ.

15. At the time of the collision described above, Defendant Winningham was the agent, servant, or employee of Defendant JNJ and was acting within the course and scope of his authority as such agent, servant or employee. Thus, Defendant JNJ is vicariously liable for the negligence of Defendant Winningham under the legal principles of agency and/or of *respondeat superior.*

16. As a direct and proximate result of Defendants' wrongful conduct, as previously described and alleged herein, Plaintiff Asamoah and Decedent RAO's wrongful death beneficiaries suffered and will continue to suffer damages, injuries and losses including, but not limited to, loss of Plaintiff Asamoah's reasonably expected net income as a result of her injuries; Plaintiffs' have and will continue to be deprived of the society and companionship of their daughter Decedent RAO; and Plaintiffs have incurred expenses for funeral, burial and estate administration costs.

17. At all times material hereto, Plaintiffs were entirely free of any negligence contributing to the injuries and damages hereinafter alleged.

## V.
## DAMAGES

18. As a direct and proximate result of the aforesaid negligence of the Defendants and their employees, agents, apparent agents and/or servants, Plaintiff Asamoah suffered severe personal injuries resulting in pain and suffering. Plaintiff Asamoah is entitled to reasonable and proper compensation for the following legal damages:

    a. past and future medical expenses;

    b. past and future physical pain and mental anguish;

    c. past and future physical impairment;

    d. past and future disfigurement; and

e.  past lost wages and future lost wage-earning capacity.

19. As a direct and proximate result of the aforesaid negligence of the Defendants and their employees, agents, apparent agents and/or servants, Plaintiff RAO suffered severe personal injuries resulting in death, pain, and suffering.

20. WHEREFORE, PATRICK OWUSU, as planned Administrator of the Estate of RAO, demands judgment against the Defendants for conscious pain and suffering suffered by RAO, interests and court costs.

21. As a result of the death of their daughter, Plaintiffs LINDA ASAMOAH and PATRICK OWUSU, are deprived of the expectation of pecuniary benefits which would have resulted from the continued life of their daughter, to wit, such sums of money which their daughter would have contributed to them from her earnings and the diminution in the value of their daughter's estate at the end of her life expectancy.

22. As a result of the death of their sister, Minor Plaintiffs JAO and BAO, are deprived of the expectation of pecuniary benefits which would have resulted from the continued life of their sister, to wit, such sums of money which their sister would have contributed to them from her earnings and the diminution in the value of their sister's estate at the end of her life expectancy.

23. As a result of the death of their daughter, Plaintiffs LINDA ASAMOAH and PATRICK OWUSU, suffer the loss of their daughter's affection and companionship.

24. As a result of the death of their sister, Minor Plaintiffs JAO and BAO suffer the loss of their sister's affection and companionship.

25. As a result of the death of their daughter, Plaintiffs LINDA ASAMOAH and PATRICK OWUSU, suffer grievous mental anguish, pain and suffering.

26. As a result of the death of their sister, Minor Plaintiffs JAO and BAO, suffer grievous mental anguish, pain and suffering.

27. WHEREFORE, Plaintiffs LINDA ASAMOAH and PATRICK OWUSU demand judgment against Defendants in the amount of the present value of the loss of pecuniary benefits to Plaintiffs plus whatever sum the court and jury deem just compensation for the loss of their daughter's affection and companionship, for mental anguish resulting from their daughter's death, and for permanent emotional damage resulting therefore, plus interest and court costs.

28. WHEREFORE, Minor Plaintiffs JAO and BAO demand judgment against Defendants in the amount of the present value of the loss of pecuniary benefits to Plaintiffs plus whatever sum the court and jury deem just compensation for the loss of their sister's affection and companionship, for mental anguish resulting from their sister's death, and for the permanent emotional damage resulting therefrom, plus interest and court costs.

Respectfully Submitted,

By: */s/ Drew C. Dalton*
DALTON & ASSOCIATES, P.A.
Mr. Bartholomew J. Dalton, DE ID: 808
Mr. Andrew C. Dalton, DE ID: 5878
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806
(302) 652-2050
(302) 652-0687 – Fax

*Attorneys for Plaintiffs*,
LINDA ASAMOAH, INDIVIDUALLY and a/n/f and Guardian Ad Litem for JAO and BAO, minors; The Estate of RAO; and PATRICK K. OWUSU, INDIVIDUALLY, as Administrator of the Estate of RAO, and a/n/f and Guardian Ad Litem for JAO and BAO, minors

**Of Counsel:**

W. Mark Lanier
Texas State Bar No. 11934600
Judson Waltman
Texas State Bar No. 00797621
Lawrence P. Wilson
Texas State Bar No. 21704100
10940 W. Sam Houston Pkwy N., Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Fax: (713) 659-2204

Date: <u>11/12/2019</u>