UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA ASAMOAH, *et al.*, | C.A. No.: 1:19-cv-02119 |
| Plaintiffs, | NON-ARBITRATION CASE |
| v. | |
| JNJ EXPRESS, INC. and BRIAN KEITH WINNINGHAM | JURY TRIAL OF 12 DEMANDED |
| Defendants. | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

During the resolution of the current matter, JNJ Express, Inc. (hereinafter "JNJ") may be required to produce documents that might reveal confidential and proprietary business information and trade secrets that should not be disclosed except in a highly restricted manner. The parties desire to accomplish and facilitate resolution in this matter without jeopardizing their business and commercial interests in the confidentiality of this information. The undersigned parties therefore agree:

1. The parties shall have the right to designate as "Confidential" any document, interrogatory answer, response to request for admission, deposition or testimony that they give or produce in this case, provided that it concerns bona fide trade secrets, nonpublic financial information, research and development information, commercial information relating to future development plans or to competitive consideration, information relating to negotiations or transactions currently in progress or in prospect, or any other confidential business information. Any documents or information designated as "Confidential" (hereinafter "Confidential Material") shall have

the legend "**CONFIDENTIAL**" placed on it and thereafter shall be treated pursuant to the provision of this Stipulated Confidential Agreement and Protective Order.

2. Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting and proceeding with the resolution of the above-captioned litigation, excepted as noted below, and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Confidential Agreement and Protective Order as set forth in paragraph 3, below. The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Confidential Agreement and Protective Order.

3. Access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons (hereinafter "Qualified Persons"):

> A. The attorneys working on this action on behalf of the parties and their employees or agents working on this action;
>
> B. The parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;
>
> C. Experts and consultants who are employed or retained by any of the parties or their counsel but only if such experts and consultants reasonably believe they need the Confidential Material to render such assistance and provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Confidential Agreement and Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;
>
> D. The Court and its support personnel and court reporters;

E.  Any person designated by mutual agreement of the parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. The Qualified Person described in paragraph 3 shall not include any competitor to JNJ and every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to any such competitor. A competitor of JNJ shall be deemed to include any person or legal entity engaged to any degree in the brokerage of interstate or intrastate shipment via commercial motor carrier. Any such disclosure shall be deemed a material breach of this Stipulated Confidential Agreement and Protective Order.

5. The inadvertent failure of a party to designate discovery material as Confidential at the time of production shall not constitute a waiver of the party's claim to confidentiality as long as the party promptly designates such material as Confidential Material under the protection of this Stipulated Confidential Agreement and Protective Order.

6. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and its failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a party disagrees at any stage of these proceedings with another party's designation of any materials as Confidential Material, the parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the objecting party may, by sealed motion setting forth with specificity the materials challenged, seek an order freeing that material from the designation as Confidential Material. Any material

as to which such a motion is made shall be treated as Confidential Material under the provision of this order until further order of the Court.

7. In the event that counsel for any party files with the Court any confidential Material or any papers containing or making reference to any such materials, such materials and papers shall be filed only "Under Seal" in a sealed envelope that shall be labeled "confidential Material Subject to Protective Order" and containing a statement substantially in the following form:

> This envelope contains documents that filed in this case by [*Name of Party*] and is not to be opened, nor the contents thereof to be displayed or revealed, except by Order of this Court.

8. This Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial, subject to such confidentiality measures as the Court may then prescribe, if any. But for such use at trial, Confidential Material shall continue to be treated in accordance with this Stipulated Confidential Agreement and Protective Order. The use or admission of Confidential Material at trial shall not affect the right of the producing party to designate the same or similar materials as Confidential Material in any other subsequent litigation, civil action or proceeding.

9. Within thirty (30) days of the termination of this litigation, including the final determination of any appeal, all Confidential Materials and all copies, summaries, or excerpts thereof, shall be destroyed.

10. In the event that any recipient of Confidential Material is served with a subpoena, document request or other request for the production of Confidential Material, such recipient shall assert the existence of this Protective Order and refuse to produce

such documents. The recipient of the request shall immediately notify counsel for the producing party and cooperate with such counsel to quash such disclosure.

11. This Stipulated Confidential Agreement and Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, agents and employees, to enforce the provisions hereof.

12. Nothing contained in this Stipulated Confidential Agreement and Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the Confidential Material.

13. This Stipulated Confidential Agreement and Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

14. Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| **DALTON & ASSOCIATES, P.A.** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| /s/ Drew C. Dalton | /s/ Timothy Lengkeek |
| Drew C. Dalton, Esq. (DE ID #5878) | Timothy E. Lengkeek, Esq. (DE ID #4116) |
| Cool Spring Meeting House | Rodney Square |
| 1106 West Tenth Street | 1000 N. King Street |
| Wilmington, DE 19806 | Wilmington, DE 19899 |

Phone: (302) 652-2050
Fax: (302) 652-0687
*Attorney for Plaintiffs Linda Asamoah, individually and a/n/f and Guardian Ad Litem for JAO and BAO, minors; The Estate of RAO; and Patrick K. Owusu, individually, as Administrator of the Estate of RAO, and a/n/f and Guardian Ad Litem for JAO and BAO, minors*

**CICONTE SCERBA, LLC**

/s/ Adam Wasserman
Adam F. Wasserman, Esq. (DE ID #5814)
1300 King Street
Wilmington, DE 19899
(302) 658-7101
*Attorney for Plaintiffs Daniel Jason and Susan Jason*

Phone: (302) 571-6605
*Attorney for Plaintiffs Lisa Frankel, individually and as the personal representative of The Estate of Albert Frankel, and Bethany Frankel*

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**

/s/ Justin P. Callaway
Justin P. Callaway, Esquire (DE ID #4974)
222 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801
Phone: (302) 655-1136
Fax: (302) 655-4291
*Attorney for Defendants JNJ Express, Inc. and Brian Keith Winningham*

**BY THE COURT:**

_____
J.

10·23·20